IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT DESHAWN BOYD                                                          PETITIONER

VS.                                                    CIVIL ACTION NO. 3:16cv945-DPJ-FKB

WARDEN NASH                                                                  RESPONDENT

## REPORT AND RECOMMENDATION

Robert DeShawn Boyd is a federal prisoner incarcerated at the Federal Correctional Complex in Yazoo City, Mississippi (FCC-Yazoo). He brings this action pursuant to 28 U.S.C. § 2241 challenging a detainer lodged by the Kentucky Parole Board. Presently before the Court is Respondent's motion to dismiss. Having considered the motion and response, the undersigned recommends that the motion be granted and that the petition be dismissed as an abuse of the writ.

Boyd is currently serving a federal sentence of ten years imprisonment and five years supervised release for possession with intent to distribute crack cocaine, an offense for which he pleaded guilty in 2009. At the time of his indictment and plea, Boyd was on parole from several state sentences in Kentucky. As a result of his federal indictment and plea, the Kentucky Parole Board issued a parole violator warrant and on July 12, 2010, lodged a detainer with FCC-Yazoo requesting that Boyd be returned to Kentucky custody following the completion of his federal sentence so that a parole violation hearing might be held.

Boyd subsequently challenged the detainer by filing in the United States District Court for the Western District of Kentucky a petition pursuant to 28 U.S.C. § 2254.[1] In his petition, as amended, and in his supporting memorandum, he argued that the delay in his parole revocation hearing was prejudicing his ability to defend against the parole violation charge and was having a detrimental effect on his ability to participate in prison rehabilitation programs. He requested an immediate parole violation hearing or dismissal of the detainer.

On December 5, 2016, while his petition in Kentucky federal court was still pending, Boyd filed the present petition pursuant to § 2241. In it, he challenges the detainer and raises the same arguments that he asserted in his § 2254 petition. As before, he seeks an immediate parole revocation hearing or, alternatively, dismissal of the writ.

The Kentucky district court dismissed the petition with prejudice and entered judgment in favor of the respondent on March 22, 2017. The holding of that court was that the presence of the detainer and the delay in the revocation hearing implicated no constitutional interest.

In support of the present motion to dismiss, Respondent argues that this court is without jurisdiction because a challenge to a state detainer must be brought pursuant to § 2254, rather than § 2241. Respondent relies primarily upon a Seventh Circuit case, *Esposito v. Mintz*, 726 F.2d 371 (7th Cir. 1984), as support for this position. The reliance on *Esposito* is misplaced. It is true that in *Esposito*, the Seventh Circuit held that §

---

[1] *Robert Boyd v. C. Nash, Warden*, Civil Action No. 1:16cv82-GNS-HBB in the United States District Court for the Western District of Kentucky, Bowling Green Division.

2254, not § 2241, was the proper vehicle for a federal prisoner's challenge to a state detainer. However, the court specifically noted that the petitioner in that case was not alleging that the detainer had any effect on his federal incarceration, and the court acknowledged that such allegations "would properly invoke jurisdiction under 28 U.S.C. § 2241." *Esposito*, 726 F.2d at 373 n.4. Boyd's allegations concerning the effect of the detainer on his conditions at FCC-Yazoo render *Esposito* inapposite. Furthermore, the Supreme Court's opinion in *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484 (1973), provides strong support for the argument that a challenge to a state detainer may be made pursuant to § 2241. In that case, the Court carefully considered the issue of whether a federal court in Kentucky had jurisdiction over a § 2241 petition filed by an Alabama prisoner challenging a Kentucky detainer. The Court concluded that jurisdiction by the Kentucky federal court was proper. Nowhere in the opinion did the Court question the propriety of § 2241 as the vehicle for the challenge.

Indeed, not only is § 2241 a proper vehicle for Boyd's claims, it is possibly the *only* vehicle. A requirement of an action under § 2254 is that the petitioner be "in custody pursuant to the judgment of a State court." Although Boyd is still in custody (as a parolee) pursuant to his state court convictions, it is not that custody which he challenges in the present petition. Rather he is challenging the detention effected by the detainer, which is on only a warrant, not a judgment.

The undersigned concludes, however, that dismissal is appropriate on the alternative ground that the petition is successive and constitutes an abuse of the writ. Boyd challenged the legality of the detainer in the habeas proceeding in federal court in

3

Kentucky, and that court concluded that the detainer did not violate Boyd's constitutional rights.[2] His present petition presents the exact same challenge and arguments, and he has made no showing of cause and prejudice or that a fundamental miscarriage of justice will result if his petition is not entertained by this court. See *McCleskey v. Zant*, 499 U.S. 467, 494-95 (1991) (explaining that cause-and-prejudice analysis adopted for procedural default applies to abuse-of-the-writ inquiry). His petition is therefore successive and subject to dismissal.[3]

For these reasons, the undersigned recommends that Respondent's motion be granted and that the Petition be dismissed with prejudice. The parties are hereby notified that failure to file written objections to the proposed findings, conclusions, and

---

[2] There is no question of the Kentucky federal court's jurisdiction. The court had jurisdiction over the petition, whether construed as one under § 2254 or 2241. *Braden* stands for the proposition that where a prisoner challenges a state detainer, federal courts in both the state of incarceration and the state which lodged the detainer may exercise jurisdiction.

[3] It is arguable that Boyd's petition is barred by 28 U.S.C. § 2244(a), which states as follows:

> No circuit or district judge shall be required to entertain an application for a writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for a writ of habeas corpus, except as a provided in section 2255.

28 U.S.C. § 2244(a). This section generally applies to petitions filed pursuant to § 2241. *United States v. Tubwell*, 37 F.3d 175, 178 (5th Cir. 1994). The applicability of § 2244(a) in the present action is not altogether clear, however, because while it is the case that Boyd is presently being detained pursuant to "a judgment of a court of the United States" (the federal conviction for which he is currently serving time), it is the detention effected by the Kentucky detainer, not Boyd's federal detention, which is being inquired into. For this reason, the undersigned has relied upon the preexisting doctrine of abuse of the writ, which was not supplanted by the statutory provisions relating to successive petitions. *See Davis v. Fechtel*, 150 F.3d 486, 491 (5th Cir. 1998) (stating that a determination as to whether AEDPA's provisions on successive petitions applied was unnecessary, as the petition was clearly an abuse of the writ under either pre-AEDPA or post-AEDPA jurisprudence); *see also Rosales-Garcia v. Holland*, 322 F.3d 386, 398-99 (6th Cir. 2003) (applying the pre-AEDPA law of successive petitions to § 2241 petition brought by INS detainee, where § 2244(a) was inapplicable because the detention was not pursuant to the judgment of a federal court).

4

recommendation contained within this report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions accepted by the district court.  28 U.S.C. § 636; Fed. R. Civ. P. 72(b*); Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

Respectfully submitted, this the 1st day of May, 2017.

s/ F. Keith Ball<br>United States Magistrate Judge