UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

ROBERT DESHAWN BOYD                                                    PETITIONER

V.                                          CIVIL ACTION NO. 3:16-CV-945-DPJ-FKB

WARDEN NASH                                                           RESPONDENT

ORDER

Petitioner Robert Deshawn Boyd asks the Court to re-open this case to consider his untimely Objection [17] to the previously adopted Report and Recommendation [14]. While the Court will grant Boyd an extension and consider his Objection, it does not change the finding that his Petition is successive. Therefore, Boyd's Petition for Habeas Corpus [1] remains dismissed.

I.   Facts

In 2009, Robert Deshawn Boyd pleaded guilty in federal court to possession with intent to distribute crack cocaine while on parole for multiple state-court crimes. Based upon his plea, Boyd was sentenced to a term of 10-years imprisonment and sent to the Federal Correctional Complex in Yazoo City, Mississippi. Further, as a result of his plea, the Kentucky Parole Board issued a parole-violator warrant and ultimately a writ of detainer against Boyd for breaching the terms of his parole.

Boyd took issue with the detainer, so on April 25, 2016, he filed a petition seeking habeas relief under 28 U.S.C. § 2254 in the Western District of Kentucky (hereinafter "*Boyd I*"). In that petition, Boyd alleged that the Kentucky Parole Board's delay in holding a parole-violation hearing infringed his constitutional rights by: (1) preventing him from participating in federal-prison-rehabilitation programs; and (2) prejudicing his ability to defend himself in the parole-

violation hearing. *See* Def.'s Mot., Ex. 5 [10-5] at 25 (Petition in *Boyd I*).[1] As relief, Boyd requested either an immediate parole-revocation hearing in state court or, in the alternative, the dismissal of the writ of detainer. *Id.* at 22. Significantly, Boyd did not seek habeas relief from the Federal Bureau of Prisons ("BOP") regarding the rehabilitation programs.

On December 5, 2016, Boyd filed a second habeas petition [1], precipitating the instant case, this time under 28 U.S.C. § 2241 in this Court (hereinafter "*Boyd II*"). In it, he raised the same claims as in the § 2254 petition filed in the Kentucky district court. Boyd also requested the same remedies as those requested in the § 2254 petition: an immediate parole-revocation hearing in state court or the dismissal of the writ of detainer. *See* Pet. [1] at 5.

Thereafter, on March 22, 2017, the Kentucky district court dismissed the § 2254 petition in *Boyd I* with prejudice. While the Kentucky district court discussed the possibility of dismissing the case on procedural grounds, the court nevertheless decided the petition on the merits, holding that Boyd's claims raised no constitutional interests. *See* Def.'s Mot., Ex. 8 [10-8] at 7 (R&R in *Boyd I*).[2]

Based upon the Kentucky district court's decision, Magistrate Judge F. Keith Ball recommended that Boyd's § 2241 Petition in this Court be dismissed. In the Report and Recommendation [14], Judge Ball characterized Boyd's petition as successive and constituting an abuse of the writ. He gave the parties until May 15, 2017, to file any objections.

Having received no objections, on May 25, 2017, this Court adopted Judge Ball's Report and Recommendation and granted Defendant Warden Nash's Motion to Dismiss. *See* Order

---

[1] Unless otherwise stated, the docket numbers relate to CM/ECF entries in this case.
[2] That Report and Recommendation was initially adopted as unopposed. *See* Def.'s Mot., Ex. 8 [10-8] at 9 (Order adopting R&R in *Boyd I*). But as in this case, Boyd filed late objections that the district court considered but rejected on the merits. *See* Order [22] at 1–2.

[15]. A day later, Boyd's Objection [17] reached the Court, prompting the Government to respond [18] that it was untimely. Boyd thereafter filed two more documents [19, 20] supplementing his Objection and arguing that the Court should consider it.

II.     Motion to File an Untimely Objection

Boyd says his Objection should be considered timely because there was a disturbance in the prison mailing system that caused him to receive the Report and Recommendation on May 14, 2017, a mere day before any objections were due. Pet'r's Aff. [17-1]. More specifically, he says "[t]he mail delay is do [sic] to phones being thrown over the fence, the [d]rain flooded in several units, and their [sic] has been a shortage of staff." *Id.* at 1.

The Court construes Boyd's collective submissions as a request to file an untimely objection. Such relief may be granted to a petitioner after a deadline has passed if the following considerations do not counsel against it: (1) "the possibility of prejudice to the other parties," (2) "the length of the applicant's delay and its impact on the proceeding," (3) "the reason for the delay and whether it was within the control of the movant," and (4) "whether the movant has acted in good faith." *Salts v. Epps*, 676 F.3d 468, 474 (5th Cir. 2012). Here, Boyd's explanation for the alleged delay in receiving the Report and Recommendation sounds fishy, but the Court will grant the extension primarily because there is no prejudice and the delay is slight.

III.    Objection to Report and Recommendation

Judge Ball concluded that Boyd's § 2241 Petition in this Court is successive in light of the § 2254 petition he filed in the Western District of Kentucky in *Boyd I*. In both petitions, Boyd argues that his liberty interests are harmed by the Kentucky Parole Board's delay in acting upon the writ of detainer. Specifically, Boyd says the almost eight-year delay in bringing his revocation to a hearing will prejudice his ability to present mitigating evidence at that hearing.

3

*See* Def.'s Mot., Ex. 5 [10-5] at 7 (Petition filed in *Boyd I*); Pet. [1] at 1. He therefore believes the State has violated his due-process and equal-protection rights.

Boyd has filed three documents [17, 19, 20] asserting objections to the Report and Recommendation. His central theme is that the Western District of Kentucky did not decide his case on the merits and therefore, under *Slack v. McDaniel*, his Petition here is not successive. 529 U.S. 473 (2000). In *Slack*, the Court held that a habeas petition "filed after an initial petition was dismissed without adjudication on the merits for failure to exhaust state remedies is not a 'second or successive' petition as that term is understood in the habeas corpus context." *Id.* at 478; *see also Strickland v. Thaler*, 701 F.3d 171, 174 (5th Cir. 2012) ("A § 2254 application filed after an earlier application that was dismissed without prejudice for failure to exhaust state court remedies is not a second or successive application."). The problem for Boyd is that the Report and Recommendation adopted in the Western District of Kentucky was based on the merits. *See* Def.'s Mot., Ex. 8 [10-8] at 7 (R&R in *Boyd I*). *Slack* is inapplicable.

Boyd also says his Kentucky petition did not address the equal-protection and procedural-prejudice claims he pursues in this Court. *See* Objection [17] at 2. Starting with equal protection, Boyd apparently believes Kentucky is treating him less favorably than an inmate named Donte Dixon—though there is no suggestion the two are of different races. Boyd never uses the words "equal protection" in either petition, but he did mention Dixon's more favorable treatment, saying it violated the Fourteenth Amendment. *See* Def.'s Mot., Ex. 5 [10-5] at 29 (Petition filed in *Boyd I*); Pet. [1] at 5. And he expressly referenced "equal protection" in various post-petition submission in *Boyd I*. *See* Def.'s Mot., Ex. 7 [10-7] at 6 (Pe'r's Traverse response in *Boyd I*), *Boyd I*, Pet'r's Mot. to Supp. [19] at 4 (W.D. Ky., Jan. 30, 2017); *Boyd I*, Objection [20] at 4 (W.D. Ky., Feb. 6, 2017). Yet the district court held: "Petitioner's objections are

4

without merit in that they do not raise any new or substantial issues that were not otherwise addressed by the Magistrate Judge." *Boyd I*, Order [22] at 2 (W.D. Ky., Mar. 22, 2017). The equal-protection claim was raised and considered on the merits in *Boyd I*.

And as for the prejudice argument, Boyd says in his *Boyd II* Objection that the delay in receiving a hearing will make it more difficult to call witnesses and will therefore prejudice his ability to defend himself. *See* Objection [17] at 2. But he said the same thing in the Western District of Kentucky, see Def.'s Mot., Ex. 5 [10-5] at 8 (Petition in *Boyd I*). The court there rejected the argument on the merits. *See* Def.'s Mot., Ex. 8 [10-8] at 5 (R&R in *Boyd I*). In fact, a side-by-side comparison of the two petitions shows that they are materially identical, substantiating Judge Ball's recommendation that this case should be dismissed. *See Sanders v. United States*, 373 U.S. 1, 12 (1963).

Finally, Boyd's reliance on *In re Cain* and *Stone v. Powell* are likewise unavailing. In *Cain*, the Fifth Circuit generally held that a petition is not successive where it raises claims that could not have been raised in the earlier petitions. 137 F.3d 234, 236 (5th Cir. 1998). Here, the two petitions are essentially identical and are premised on the same alleged violations. As for *Stone*, Boyd apparently relies on the Court's statement that it "afford[s] broad habeas corpus relief, recognizing the need in a free society for an additional safeguard against compelling an innocent man to suffer an unconstitutional loss of liberty." 28 U.S. 465, 491 n.31 (1976). But *Stone* did not address successive petitions and did not condone filing the same petition in two courts.[3]

---

[3] Boyd also cites *Wilkerson v. Nielsen*, but that is merely an order denying leave to proceed *in forma pauperis*. 529 U.S. 1096 (2000).

Boyd raises a few other points that clearly lack merit and would not change the results of this Order. Having considered all of Boyd's arguments, the Court concludes that the Report and Recommendation was correctly adopted.

IV. Conclusion

For the reasons stated, the Court has considered but overrules Boyd's Objection. This case remains dismissed.

**SO ORDERED AND ADJUDGED** this the 18th day of October, 2017.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE